

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 4, 1970

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. M-590

Re: Authority of school districts
to contract with cities for
tax assessment, etc. under
provisions of Sections 23.95
and 23.96, Texas Education
Code.

Dear Dr. Edgar:

By recent letter you have requested an opinion from this office concerning the above stated matter. We quote from your letter as follows:

"We are informed that the City of Tyler, by agreement with the Board of Trustees of Tyler Independent School District, has assessed and collected for many years said school district taxes; ....
Further, that the city assesses city taxes on the basis of 45% of market value, while the taxes for the school district are assessed at 75% of market value.

"We are requested by the Board of Trustees of the Tyler Independent School District to obtain from the Office of Attorney General an opinion on the following submitted questions:

"1. Are independent school districts legally permitted to authorize municipalities to assess and collect school district taxes where a different assessment is used or desired by each governmental agency?

-2810-

"2.  Is there any way the Tyler Independent School
     District could continue its contractual ar-
     rangement with the City of Tyler, assuming the
     different assessment ratios remained unchanged?

"3.  If the board of trustees of an independent
     school district appoints and uses its own
     Board of Equalization, other than that of the
     city, would it be permissible under the Code
     to utilize the assessor-collector of the city
     to assess and to collect its school taxes?

"4.  Can the independent school district appoint its
     own assessor and Board of Equalization, and the
     district utilize the services of the city
     assessor-collector's office to collect the
     school taxes thereby to realize collection of
     school taxes on assessed values which differ
     from those assessed for city tax purposes."

The relevant sections of the Texas Education Code are quoted,
in part, as follows:

    "23.92 Alternate Methods of Selection
    "The board of trustees of each independent school
district other than a municipal school district shall
select an assessor and collector of taxes by one of
the applicable procedures authorized by this subchapter."

    "23.95 Appointment of Assessor Only
    "(a) The board of trustees of any independent
school district may appoint an assessor of taxes and by
resolution determine and provide that the taxes shall be
collected by either the county tax collector or the
tax collector of any city or town wholly or partly within
the limits of the school district.

    "(b) The assessor of taxes shall assess the taxable
property within the limits of the independent school
district and, when the assessment has been equalized
by a board of equalization appointed by the board of

-2811-

trustees of the school district for that purpose, shall prepare the tax rolls of the district and sign and certify them to the county or city officer designated to collect the taxes.

"(c) ...

"(d) The city or county collector selected by the trustee to collect the taxes for the independent school district shall accept the rolls prepared by the special assessor as provided above."

"23.96 Assessment, Collector, and Equalization by City
"(a) Any independent school district located entirely or partly within the boundaries of an incorporated city or town may authorize, by ordinance or resolution, the tax assessor, board of equalization, and tax collector of the municipality in which it is located, entirely or partly, to act as tax assessor, board of equalization, and tax collector, respectively, for the district.

"(b) The property in the independent school district utilizing the services of such assessor, board of equalization, and collector shall be assessed at not more than the value for which it is assessed for taxing purposes for the municipality.

"(c) When the ordinance or resolution is passed making available their service, said assessor shall assess the taxes for and perform the duties of tax assessor for the independent school district; the board of equalization shall act as and perform the duties of a board of equalization for the independent school district; and the collector shall collect the taxes and assessments for, and turn over as soon as collected to the depository of the independent school district, all taxes or money, so collected, and shall perform the duties of tax collector of the independent school district.
"(d) ...
"(e) ..."

Section 23.95, quoted above, obviously was intended to authorize an independent school district to appoint a tax assessor who shall act for it and to require either the city or county tax collector to collect the taxes so assessed. Under these circumstances the district must also appoint its own board of equalization to equalize the taxes. No limitation on the assessed value is placed upon the school district by this Section.

Section 23.96, quoted above, authorizes a school district to turn the whole tax assessing procedure over to the city in which a school district is partially or totally located. Section 23.96(b) restricts the property valuation that a school district may impose to a value not greater than that used by the city assessing and collecting the tax.

Based upon our above analysis of Sections 23.95 and 23.96 of the Education Code, we would answer your questions as follows:

In our opinion Question No. 1 should be answered "yes" with the following qualification: Section 23.96 authorizes a city to assess and collect and equalize a school district's taxes, but the assessed valuation of the school district may not be greater than the collecting city's assessed valuation.

In our opinion Question No. 2 should be answered "no". When the city both assesses and collects the tax the assessed valuation for the school cannot be greater than the assessed valuation for the city. (Section 23.96(b).)

We answer Question No. 3 as follows: When the district appoints its own assessor and board of equalization under Section 23.95 such taxes must be collected by the city or county tax collector; in this event the city or county tax collector cannot be the assessor for the district.

In our opinion Question No. 4 should be answered "yes". Section 23.95 authorizes the district to appoint its own assessor and board of equalization and to require either the city or the county tax collector to collect the tax, and no restriction is placed upon valuation.

## S U M M A R Y

Section 23.95 of the Texas Education Code authorizes an independent school district to appoint a tax assessor who shall act for it only and to require either the city or county tax assessor-collector to collect the taxes so assessed. Under these circumstances the district must also appoint its own board of equalization; no limitation on the assessed value of property is imposed by this Section 23.95.

Section 23.96 of the Texas Education Code authorizes an independent school district to utilize a city to assess, collect and equalize its taxes; in this event the property valuation for school tax purposes cannot be greater than the valuation used by the city.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Bill Allen, Acting Co-Chairman
Jim Boradhurst
Milton Richardson
Jerry Roberts
W. O. Shultz

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant